## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RUFUS C. MILLER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:16-cv-01363-AKK-** |
| | ) | **JEO** |
| **CHRISTOPHER GORDY and THE** | ) | |
| **ATTORNEY GENERAL of the** | ) | |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on May 6, 2019, recommending the court dismiss Miller's 28 U.S.C. § 2254 petition for habeas corpus relief with prejudice. Doc. 12. On May 21, 2019, Miller filed objections to the report and recommendation. Doc. 14.

Miller does not specifically object to the magistrate judge's recommendation that his petition be dismissed, but instead requests that the court dismiss his petition without prejudice so that he "may exhaust his claims/issues in state court" and, thereafter, refile this action in the present court. *Id*. Unexhausted claims should generally be dismissed without prejudice to allow a petitioner to exhaust. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). However, the magistrate judge

1

concluded that Miller's petition is both untimely and due to be dismissed on the merits. *See* doc. 12. Accordingly, dismissal with prejudice is appropriate and Miller's objection is **OVERRULED**. *See Keenan v. Bennett*, 613 F.2d 127, 128-29 (5th Cir. 1980) (dismissal operated as an adjudication on the merits and was thus with prejudice); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (petitions dismissed as time-barred are considered dismissals with prejudice).[1]

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **ORDERS** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be dismissed with prejudice. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

"the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This court finds Petitioner's claims do not satisfy either standard.

      **DONE** the 17th day of June, 2019.

                                        **ABDUL K. KALLON**
                                UNITED STATES DISTRICT JUDGE